UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **REMEDIOS EVANS,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 1:24-cv-13052-BEM |
| ) | |
| **REGIS COLLEGE,** ) | |
| Defendant. ) | |

**ANSWER OF THE DEFENDANT, REGIS COLLEGE**

Now comes the Defendant, Regis College ("Regis"), and hereby answers the individually numbered paragraphs of the Plaintiff's Complaint and Jury Demand as follows:

INTRODUCTION

This paragraph does not contain an allegation of fact, but an argument. Therefore, no response is required. In the event that this paragraph is read to be applicable to the Defendant, Defendant denies the allegations contained therein.

**Jurisdiction and Venue**

1. Paragraph 1 is not an allegation of fact, but rather a legal conclusion. Therefore, no answer is required. To the extent the Court requires an answer, the Defendant denies any allegation contained in this paragraph.

2. Paragraph 1 is not an allegation of fact, but rather a legal conclusion. Therefore, no answer is required. To the extent the Court requires an answer, the Defendant denies any allegation contained in this paragraph.

## Parties

3. The defendant admits that the plaintiff was a student in Regis' graduate online nursing program from 2019 through 2022. The defendant is without knowledge or information sufficient to form a belief as to whether the plaintiff is a resident of the state of Colorado. The defendant denies the remaining allegations contained in this paragraph where it seeks a legal and precatory conclusion.

4. Defendant admits that it is a private educational institution located at 235 Wellesley Street, Weston, Massachusetts 02439, that it is a recipient of federal funds, and that Regis contracted with the plaintiff to attend and participate in the Nursing Program. Defendant denies the rest of the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

5. Defendant admits that plaintiff enrolled as an online graduate student in fall 2019. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendant admits the allegations contained in this paragraph.

9. Defendant admits that the Nursing Program has two components: teacher-centered lectures/lessons and actual service delivery in a clinical setting. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

10. Defendant admits the allegations contained in this paragraph.

11. The policy speaks for itself.

12. The policy speaks for itself.

13. Defendant admits the allegations contained in this paragraph.

14. Defendant admits the allegations contained in this paragraph.

15. Defendant admits the allegations contained in this paragraph.

16. Defendant admits the allegations contained in this paragraph.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant denies the allegations contained in this paragraph.

22. Defendant admits that Professor Kathleen Michel is Caucasian, teaches the Regis course of Primary Care of Family I, and that Ms. Evans took this course in the fall of 2021. Defendant denies the remainder of the allegations contained in this paragraph.

23. Defendant admits the allegations contained in this paragraph.

24. Defendant admits the allegations contained in this paragraph.

25. Defendant admits the allegations contained in this paragraph.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Defendant denies the allegations contained in this paragraph.

29. Defendant denies the allegations contained in this paragraph.

30. Defendant denies the allegations contained in this paragraph.

31. Defendant admits the allegations contained in this paragraph.

32. Defendant admits the allegations contained in this paragraph.

33. Defendant admits the allegations contained in this paragraph.

34. Defendant denies the allegations contained in this paragraph.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

37. Defendant denies the allegations contained in this paragraph.

38. Defendant denies the allegations contained in this paragraph.

39. Defendant denies the allegations contained in this paragraph.

40. Defendant denies the allegations contained in this paragraph.

41. Defendant denies the allegations contained in this paragraph.

42. Defendant admits the allegations contained in this paragraph.

43. Defendant admits the allegations contained in this paragraph.

44. Defendant denies the allegations contained in this paragraph.

45. Defendant denies the allegations contained in this paragraph.

46. Defendant denies the allegations contained in this paragraph.

47. Defendant admits the allegations contained in this paragraph.

48. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49. Defendant admits the allegations contained in this paragraph.

50. Defendant denies the allegations contained in this paragraph.

51. Defendant admits the allegations contained in this paragraph.

52. Defendant admits the allegations contained in this paragraph.

53. Defendant admits that Dr. Driscoll allowed recalculation of the plaintiff's grade based on the questions she was able to access, and that the plaintiff received a "Fail" grade. Defendant denies the remainder of the allegations contained in this paragraph.

54. Defendant admits the allegations contained in this paragraph.

55. Defendant admits that it denied the plaintiff's retake request and that the plaintiff received a "Fail" grade on her final examination and failed Primary Care of Family I (NU-664B-03). Defendant denies the remainder of the allegations contained in this paragraph.

56. Defendant denies the allegations contained in this paragraph.

57. Defendant admits that Professor Robinson claimed that a student who failed the didactic portion of the course would lose their clinical hours and that they would no longer count for credit. Defendant denies the remainder of the allegations contained in this paragraph.

58. Defendant denies the allegations contained in this paragraph.

59. Defendant denies the allegations contained in this paragraph.

60. Defendant admits that plaintiff appealed the decision to eliminate her earned clinical hours on or about April 19, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

61. Defendant denies the allegations contained in this paragraph.

62. Defendant denies the allegations contained in this paragraph.

63. Defendant admits the allegations contained in this paragraph.

64. Defendant admits the allegations contained in this paragraph.

65. Defendant admits that Regis claimed the plaintiff violated the classroom code of conduct. Defendant denies the remainder of the allegations contained in this paragraph.

66. Defendant denies the allegations contained in this paragraph.

67. Defendant admits that Regis transfers students between sections for a variety of administrative reasons. Defendant denies the remaining allegations contained in this paragraph.

68. Defendant admits that Regis transfers students between sections for a variety of administrative reasons. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

69. Defendant admits that Regis transfers students between sections for a variety of administrative reasons. Defendant denies the remaining allegations contained in this paragraph.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71. Defendant denies the allegations contained in this paragraph.

72. Defendant admits that Regis issued warnings of violations to the Plaintiff, and is without information regarding the remaining allegations contained in this paragraph.

73. Defendant denies the allegations contained in this paragraph.

74. Defendant denies the allegations contained in this paragraph.

75. Defendant admits the allegations contained in this paragraph.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

77. Defendant denies the allegations contained in this paragraph.

78. Defendant denies the allegations contained in this paragraph.

79. Defendant admits that the Plaintiff appealed her failing grade and that Plaintiff did not get credit for clinical hours as a result of her failing grade. Defendant denies the remaining allegations contained in this paragraph.

80. Defendant admits that it put the academic appeal on hold, and denies the remaining allegations contained in this paragraph.

81. Defendant admits that it dismissed Plaintiff from the program, and denies the remaining allegations contained in this paragraph.

82. Defendant denies the allegations contained in this paragraph.

83. Defendant denies the allegations contained in this paragraph.

84. Defendant admits that the parties engaged in an OCR-facilitated mediation on or about August 27, 2022, but is without knowledge regarding the remaining allegations contained in this paragraph.

85. Defendant denies the allegations contained in this paragraph.

86. Defendant admits the allegations contained in this paragraph.

87. Defendant denies the allegations contained in this paragraph.

88. Defendant denies the allegations contained in this paragraph.

89. Defendant denies the allegations contained in this paragraph.

90. Defendant denies the allegations contained in this paragraph.

91. Defendant denies the allegations contained in this paragraph.

92. Defendant denies the allegations contained in this paragraph.

93. Defendant denies the allegations contained in this paragraph.

94. Defendant admits the allegations contained in this paragraph.

95. Defendant is without knowledge of the Plaintiff's motivations for enrolling at Regis. Defendant denies the remaining allegations contained in this paragraph.

96. Paragraph 96 is not an allegation of fact, but rather a legal conclusion. Therefore, no answer is required.  To the extent the Court requires an answer, the Defendant denies any allegation contained in this paragraph.

97. Defendant denies the allegations contained in this paragraph.

98. Defendant denies the allegations contained in this paragraph.

99. Defendant denies the allegations contained in this paragraph.

100. Defendant denies the allegations contained in this paragraph.

## COUNT I
### Violation of §104 of Rehabilitation Act of 1973, 29 USCA §794

Count I is not an allegation of fact, but a legal conclusion. Therefore, no response is required. To the extent that the Court requires a response, Defendant denies the allegations contained therein.

## COUNT II
**Violation of Title III of the Americans with Disabilities Act, 42 USCA §12101** *et seq.*

Count II is not an allegation of fact, but a legal conclusion. Therefore, no response is required. To the extent that the Court requires a response, Defendant denies the allegations contained therein.

## COUNT III
**Violation of the Civil Rights Act of 1866, 42 USCA §1981**

Count III is not an allegation of fact, but a legal conclusion. Therefore, no response is required. To the extent that the Court requires a response, Defendant denies the allegations contained therein.

## COUNT IV
**Breach of Contract**

Count IV is not an allegation of fact, but a legal conclusion. Therefore, no response is required. To the extent that the Court requires a response, Defendant denies the allegations contained therein.

## COUNT V
**Promissory Estoppel**

Count V is not an allegation of fact, but a legal conclusion. Therefore, no response is required. To the extent that the Court requires a response, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And further answering, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendant was thereby prejudiced, wherefore the plaintiff is barred from recovery.

### Second Affirmative Defense

And further answering, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

### Third Affirmative Defense

And further answering, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### Fifth Affirmative Defense

And further answering, the defendant says the complaint is barred by the statute of limitations.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

DATED: February 10, 2025          The Defendant,
                                                        Regis College,
                                                        By its Attorney,

                                                        */s/ William J. Fidurko*
                                                        William J. Fidurko - BBO #567064
                                                        Tucker, O'Connell & Fidurko, LLP
                                                        199 Wells Avenue
                                                        Newton, MA  02459
                                                        (617) 986-6226
                                                        fidurko@toflawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 10, 2025 I filed and served this document through the electronic filing system and the document is available for viewing and/or downloading from the United States District Court District of Massachusetts using the CM/ECF system, which will send notification to counsel of record.


                                         */s/ William J. Fidurko*
                                         William J. Fidurko
                               Tucker, O'Connell & Fidurko, LLP