UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REMEDIOS EVANS,

                Plaintiff,

v.

REGIS COLLEGE,

                Defendant.

C.A. No. 1:24-CV-13052-BEM

## JOINT STATEMENT AND PROPOSED SCHEDULING ORDER

NOW COME the parties in the above action and, after conferring, counsel submit the following draft proposed timetable for discovery and motion practice in the above matter in accordance with the Notice of Scheduling Conference. This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **August 29, 2025**.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **August 29, 2025**.

1

3. **Fact Discovery – Interim Deadlines.**

   a.  All initial requests for production of documents and interrogatories must be served by **September 30, 2025**.

   b.  All requests for admission must be served by **January 30, 2026**.

   c.  All depositions, other than expert depositions, must be completed by **January 30, 2026**.

   d.  **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **January 30, 2026**.

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Status Conference.**  A status conference will be held on **Court Assigned**.

6. **Expert Discovery**

   **(1) Liability Expert Discovery.**

   a.  Liability experts for the party with the burden of proof must be designated, and the  information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **April 30, 2026**.

   b.  Rebuttal liability experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **May 29, 2026**.

   c.  All liability experts must be deposed by **July 31, 2026**.

**(2) Damages Expert Discovery.**

    **a.**  Damages experts for the party with the burden of proof must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, **<u>15 days after a Summary Judgment Decision or, if no summary judgment motion is filed, within 15 days after the passing of the deadline at 6(a)</u>**.

    **b.**  Rebuttal damages experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, **<u>30 days from disclosure in (5)(2)(a)</u>**.

    **c.**  All damages experts must be deposed **<u>30 days from disclosure in (5)(2)(b)</u>**.

7. **Dispositive Motions.**

    **a.**  Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by **<u>August 31, 2026</u>** with the opposition due thirty days thereafter. In the case of cross-motions the deadlines and page limits for the filings other than the Plaintiff's initial motion are set forth in the Session's Standing Order on Summary Judgment Motions unless specifically modified.

8. **Initial Pretrial Conference.** An initial pretrial conference will be held on **<u>Court Assigned</u>** at **<u>Court Assigned</u>** a.m./p.m. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

9. **Remote hearings and court conferences.** The parties request that any additional case-management or status conferences or hearings be held by telephone or video conference to avoid undue inconvenience and expense, given that lead counsel for

Plaintiff is out of state.

10. **Reassignment to a Magistrate Judge.**  The parties did not reach agreement on consent to reassignment of the case to a magistrate judge for all purposes.

<u>**Parties' Summary of Liability and Relief Sought**</u>

**Plaintiff's Statement:**

Plaintiff, Remedios Evans ("Ms. Evans") brings this complaint against Defendant, Regis College ("Regis") for:  disability discrimination, retaliation, and failure to provide reasonable accommodations in violation of §504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §794 and Title III of the Americans with Disabilities Act, 42 U.S.C.A. §12101 et seq.; race/national origin discrimination and retaliation, and impairment of Ms. Evans' rights to make and enforce contracts pursuant to the Civil Rights Act of 1866, 42 U.S.C.A. §1981; and for promissory estoppel and breach of contract under Massachusetts common law.

Ms. Evans is an Asian/Pacific Islander and military veteran with attention deficit hyperactivity disorder ("ADHD/ADD") and Post-Traumatic Stress Disorder ("PTSD"), the latter arising out of her military service.  English is Ms. Evans' second language.  Ms. Evans enrolled in Regis' online graduate Nursing Program in Fall 2019.  She was successfully matriculating in that program, maintaining a 3.967 Grade Point Average as of the start of the Fall 2021 semester.

Regis expelled Ms. Evans from the Nursing Program on August 29, 2022, accusing her of academic dishonesty.  These accusations were false and pretext to discriminate against her because of her disability, race, national origin, and complaints to Regis about her experience of discrimination, as detailed briefly below.

As an online student, Ms. Evans was required by Regis to install Artificial Intelligence ("AI") examination proctoring software in her computer, which "flags" possible academic

integrity violations. Regis' Artificial Intelligence ("AI")-based exam proctoring system did not take Ms. Evan's disability accommodations into account and erroneously reported that Ms. Evans cheated on an exam. Ms. Evans' appealed the false AI "flagging" incident in December 2021, and filed internal complaints relating to disability, race, and national origin discrimination based on hostile behavior from her instructor. Shortly thereafter, Regis representatives engaged in a series of discriminatory and retaliatory actions against Ms. Evans, violating many of Regis' own published policies, including its anti-discrimination policies and denied Ms. Evans reasonable accommodations. On April 25, 2022, Ms. Evans filed a Complaint of Discrimination with the Boston, Massachusetts office of the United States Department of Education's Office for Civil Rights ("OCR").

Throughout Spring-Summer 2022, Regis continued to retaliate against Ms. Evans through additional charges of alleged academic integrity violations and accusations that Ms. Evans engaged in "bullying and intimidation" during an online classroom session. Regis also denied Ms. Evans effective access to other Regis supports and services to which she was contractually entitled, including from her Regis Academic Advisor, the Regis Center for Veteran and Military Family Services, and the Regis Office of Accessibility Services. Regis' actions exacerbated Ms. Evans' PTSD/disability conditions and subjected her to a hostile educational climate. Ms. Evans' instructors facilitated Regis' discrimination and retaliation against Ms. Evans, leading to a "Fail" grade in her courses.

Ms. Evans internally appealed her alleged academic integrity violations and the "Fail" grades. Regis then placed Ms. Evans' pending Academic Appeal "on hold," claiming it was because of Ms. Evans' filing of her OCR complaint in April 2022. On August 27, 2022, Regis expelled Ms. Evans from the graduate Nursing program altogether. By suspending Ms. Evans'

Academic Appeal and expelling her from the graduate nursing program based on the subject of her appeal, Regis discriminated and retaliated against Ms. Evans. Regis never allowed Ms. Evans to pursue a further appeal or re-enroll in its Nursing Program. Due to Regis' discrimination and retaliation and failure to provide her with reasonable accommodations, Ms. Evans was unable to graduate from Regis' graduate nursing program and thereafter find appropriate employment consistent with graduate nursing credentials in her chosen profession. Ms. Evans had to enroll at another institution, Walden University, which did not accept the majority of credits Ms. Evans earned from Regis. Thus, Regis delayed the completion of Ms. Evans' education; forced her to incur additional costs and expenses; and delayed her ability to earn an income consistent with graduate nursing credentials.

Accordingly, Ms. Evans seeks monetary and non-monetary relief from the Court, including removal of derogatory/disparaging content and "fail"/zero credit grade references from her Regis academic records, emotional distress damages, economic damages including costs she incurred when forced to complete her graduate degree at another academic institution, and attorneys' fees and costs.

**Defendant's Statement:**

Regis College denies any unlawful discrimination or retaliation against Remedios Evans. It is Regis' position that it has complied with all applicable anti-discrimination policies and laws in its dealings with Ms. Evans.

With respect to Regis' use of the Respondus software, Regis employs this software in order to conduct online testing, in which students, like Ms. Evans, are taking classes remotely. To prevent any student from receiving an unfair advantage, Regis uses the software as a means to detect behavior that may be linked to cheating, such as using mobile phones or other prohibited devices or materials while taking exams. Regis does not rely exclusively on this software to

determine whether cheating has occurred.  Rather, Regis employs human review of the flags raised by the software to ascertain whether the flagged behavior is evidence of a violation of the school's academic integrity rules.  Moreover, not only do Regis personnel review the flags raised by the software, but Regis also provides a process for students to respond to allegations of academic integrity violations and to appeal any final outcome.  Here, for example, after the software flagged certain behaviors while Ms. Evans was taking her online tests, Regis reviewed the videos of Ms. Evans during such tests and noted multiple academic integrity issues, including the use of a mobile phone.  Ms. Evans in turn took advantage of the appeals process.  Regis responded by forming an Academic Hearing Committee and held a hearing.  The committee made recommendations, which the Provost and Vice President of Academic Affairs upheld.  Regis informed Ms. Evans of its decision by letter dated March 24, 2022.  Ms. Evans requested a reconsideration of the remedial action pertaining to the Final Exam at issue, but did not provide any additional evidence, and therefore Regis declined to change its decision.

At no time did Regis or any of its personnel discriminate, harass, or retaliate against Ms. Evans for engaging in any protected activity or based on her disability or national origin. Regis did not fail to provide Ms. Evans with reasonable accommodations, nor did force her to complete her education at another academic institution. Regis also disputes the nature, cause and extent of Ms. Evans' alleged damages.

Nothing herein shall be deemed an admission by either party, and both parties reserve all rights, claims, and defenses.

Respectfully submitted,

REGIS COLLEGE,
By its attorneys,

/s/ William Fidurko
by Walt Kramarz with authorization
_____
William J. Fidurko - BBO #567064
Tucker, O'Connell & Fidurko, LLP
199 Wells Avenue
Newton, MA 02459
(617) 986-6226
fidurko@toflawfirm.com

REMEDIOS EVANS,
By Her Attorneys,

_____
Bryn A. Sfetsios, BBO # 688368
Rebecca G. Pontikes, BBO # 637157
PONTIKES LAW, LLC
10 Tremont Street, 2nd Floor
Boston, MA 02108
(617) 357-1888
bsfetsios@pontikeslawllc.com
rpontikes@pontikeslawllc.com

Walt Kramarz
_____
Walt Kramarz
Colorado Attorney Registration #33882
Kramarz Law LLC
2701 Lawrence Street, Suite 125
Denver, CO 80205
(720) 319-8581
walt@kramarzlaw.com

Dated:  April 30, 2025

## Certifications Pursuant to Local Rule 16.1(d)(3)

The parties and their respective counsel hereby certify that they have conferred regarding the following matters:

(i)     With a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and

(ii)    To consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.


REGIS COLLEGE,                                  REMEDIOS EVANS,
By its attorneys,                               By Her Attorneys,

/s/ William Fidurko
by Walt Kramarz with authorization
_____               _____
William J. Fidurko - BBO #567064                Bryn A. Sfetsios, BBO # 688368
Tucker, O'Connell & Fidurko, LLP                Rebecca G. Pontikes, BBO # 637157
199 Wells Avenue                                Pontikes Law, LLC
Newton, MA 02459                                10 Tremont Street, 2nd Floor
(617) 986-6226                                  Boston, MA 02108
fidurko@toflawfirm.com                          (617) 357-1888
                                                bsfetsios@pontikeslawllc.com
                                                rpontikes@pontikeslawllc.com


                                                _____
                                                Walt Kramarz
                                                Colorado Attorney Registration #33882
                                                Kramarz Law LLC
                                                2701 Lawrence Street, Suite 125
                                                Denver, CO 80205
                                                (720) 319-8581
                                                walt@kramarzlaw.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2025, I electronically filed the foregoing Joint Statement and Proposed Scheduling Order, and Certifications Pursuant to  Local Rule 16.1(d)(3),  with the Clerk of the Court for the United States District Court for the District of Massachusetts, via the CM/ECF system, through which notification will be sent to all counsel of record:

Bryn A. Sfetsios- BBO #688368
Rebecca G. Pontikes- BBO #637157
Pontikes Law LLC
10 Tremont Street, 2nd Floor
Boston, MA 02108
(617)357-1888
bsfetsio@pontikeslawllc.com
rpontikes@pontikeslawllc.com

William J. Fidurko - BBO #567064
Tucker, O'Connell & Fidurko, LLP
199 Wells Avenue
Newton, MA 02459
(617) 986-6226
fidurko@toflawfirm.com

*Walt Kramarz*

Walt Kramarz, Esq.
Kramarz Law LLC
2701 Lawrence St., Suite 125
Denver, CO 80205
p: (720) 319-8581
e: walt@kramarzlaw.com
Colorado Attorney Registration #33882

Dated: May 1, 2025